```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION
```

CASEY W. SOBBERI,                    )
                                     )
            Petitioner,               )
                                     )
       v.                            )       No. 4:10-CV-2236-TCM
                                     )
LARRY DENNEY,                        )
                                     )
            Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Casey W. Sobberi for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, an inmate at the Potosi Correctional Center, challenges his April 28, 2003 conviction in the Circuit Court of St. Charles County for burglary in the first degree, assault in the second degree, armed criminal action, and felony stealing. Petitioner filed a Rule 24.035 motion, which was denied. The Missouri Court of Appeals affirmed, and its mandate issued on December 15, 2005. See Sobberi v. State, 176 S.W.3d 718 (Mo.Ct.App.). Petitioner filed the instant action on or about November 22, 2010. He asserts claims of ineffective assistance of counsel and abuse of discretion by the sentencing court.

The Court's records show that petitioner has previously brought a § 2254 application for a writ of habeas corpus challenging his April 28, 2003 conviction. See Sobberi v. Denney, No. 4:09-CV-1369-TCM (E.D. Mo.). Petitioner was ordered to show cause as to why the Court should not dismiss the action as time-

barred. Id. [Doc. #8]. Petitioner filed his response, id. [Doc. #11], setting forth an argument for equitable tolling. On October 14, 2009, this Court considered and rejected petitioner's tolling argument and dismissed the petition as time-barred. Id. [Doc. #14]. Petitioner did not appeal the dismissal.

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the instant action is a successive habeas application, petitioner is required to obtain authorization from the Eighth Circuit Court of Appeals before filing the application in this Court. See 28 U.S.C. § 2244(b)(3)(A). There is no indication that the Eighth Circuit Court of Appeals has authorized this Court to consider petitioner's habeas application, and thus, this Court lacks jurisdiction, and the action will be summarily dismissed, without prejudice. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is successive under 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's remaining motions

[Docs. #2 thru #5] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE